Stanback v. Stanback

Affirmed.

Judges PARKER and VAUGHN concur.

———————————

FRED J. STANBACK, JR. v. VANITA B. STANBACK

No. 7419SC585

(Filed 2 October 1974)

1. **Courts § 14; Divorce and Alimony § 22— motion· to modify child custody and support order — transfer to district court**

    The superior court erred in the denial of plaintiff's motion to transfer to the district court pursuant to G.S. 7A-258 a motion to modify a child custody and support order entered in an action pending in the superior court prior to the establishment of the district court.

2. **Divorce and Alimony § 22; Rules of Civil Procedure § 31— interrogatory — general health — unnecessary information**

    In an action to modify a child custody and support order, the trial court properly sustained defendant's objection to an interrogatory requesting her to describe her general health, including conversation or consultation with any medical doctor, psychiatrist or psychologist during the past five years, and including copies of any notes, memoranda or reports in her possession or available to her, since there is nothing in the pleadings to indicate the health of defendant would be in question, and the interrogatory is too broad and seeks information not necessary for any adjudication.

3. **Divorce and Alimony § 22— modification of child custody and support order — production of checking records**

    In an action to modify a child custody and support order, the trial court erred in the allowance of defendant's motion that plaintiff be required to produce all his check stubs, cancelled checks and bank statements for the preceding five years where plaintiff has never failed to comply with previous support orders and there was nothing to indicate that plaintiff will refuse to comply with such orders in the future.

4. **Divorce and Alimony § 22— modification of child custody and support order — means to defray hearing preparation expenses**

    In an action to modify a child custody and support order, the evidence did not support the court's finding that defendant mother had insufficient means to defray the expense of the proceeding, and the court erred in requiring plaintiff to pay to defendant's attorneys $2,000 to be used for expenses in preparation for the hearing, where the record shows that plaintiff is paying $500 per month for the support of three minor children and is paying all medical, dental and educational expenses of the children, and that plaintiff is paying

in excess of $15,000 per year for the support of defendant and has furnished her with a home free of indebtedness.

APPEAL by plaintiff from various orders entered by *Judges Exum* and *Crissman* at various sessions of the Superior Court held in ROWAN and RANDOLPH Counties. Heard in the Court of Appeals on 6 September 1974.

This action was originally instituted 30 March 1965, by the plaintiff-husband seeking a divorce from bed and board and custody of two minor children. Both children are boys with the oldest having been born 1 April 1959 and the other born 25 August 1960. After the institution of the action, a third son was born on 29 June 1965. Various hearings, orders and trials were conducted in the action, a review of which is not necessary for the purposes of this decision. The history of the case appears in opinions of the Supreme Court of North Carolina reported in 266 N.C. 72, 145 S.E. 2d 332 (1965) and 270 N.C. 497, 155 S.E. 2d 221 (1967). Subsequent to the last Supreme Court decision and prior to a final court determination of the divorce and alimony controversy, the husband and wife entered into a separation agreement thereby effectively terminating the matrimonial controversy and leaving only the custody of the three minor children and their support in question.

At the March 1968 Civil Session of Superior Court of Rowan County, Judge Exum entered an order pertaining to the custody and support of the three minor children. This order was actually signed 9 May 1968, and filed on 10 May 1968, and specifically provided that the cause was retained for such other and further orders as from time to time the court might deem appropriate.

The action remained in this status until 5 September 1973 when the defendant-wife and mother filed a motion to modify the previous order because of a change in conditions and circumstances, including the fact that the plaintiff-husband was planning to remarry and did, in fact, remarry prior to 27 September 1973.

Since the reopening and reactivating of this action, there have been numerous motions, interrogatories, and orders which have resulted in this appeal and which will be discussed, insofar as pertinent, in the opinion.

*Hudson, Petree, Stockton, Stockton and Robinson by Norwood Robinson and George L. Little, Jr.; and Kluttz and Hamlin by Clarence Kluttz for plaintiff appellant.*

*Walser, Brinkley, Walser and McGirt by Walter F. Brinkley for defendant appellee.*

CAMPBELL, Judge.

At the outset, we are confronted with the question as to whether the various rulings by the trial court are appealable. In view of the long history of litigation between the parties and in the interest of bringing the matter to trial on its merits and under the supervisory authority of this Court, we have determined to consider the various issues presented.

[1] The first issue presented is what court division of the General Court of Justice is the proper one? This action was instituted prior to the "Judicial Department Act of 1965". Under that Act, G.S. 7A-244 provides:

"The district court division is the proper division without regard to the amount in controversy, for the trial of civil actions and proceedings for annulment, divorce, alimony, child support, and child custody."

See also G.S. 50-13.5(h).

Nothing else appearing, the district court division would be the proper division for the hearing of this matter. This action, however, having been instituted in the superior court division, the superior court division would retain jurisdiction until such time as the case was transferred upon motion properly made.

Since this action was pending prior to the establishment of the district court, it could have been transferred to the district court by any superior court judge pursuant to G.S. 7A-259(b). This was not done. The case was in a dormant state and had been since the March 1968 session of the superior court. When this action was reactivated by the motion of 5 September 1973, we are of the opinion, and so hold, that the plaintiff had the right to make a motion to transfer the action to the district court division pursuant to G.S. 7A-258. The plaintiff did make such a motion on 21 September 1973. This motion was denied by order of Judge Exum on 17 October 1973, for that he treated it as a matter within his discretion rather than as a matter of right to the plaintiff. In this, we think there was error.

**[2]** The second issue presented is an order of Judge Crissman, 13 January 1974, in which order the objection of the defendant in answering Interrogatory No. 36 submitted by the plaintiff was sustained. The interrogatory in question requested the defendant to describe her general health, including each conversation or consultation with any physician, medical doctor, psychiatrist or psychologist concerning her health or well-being during the past five years, together with copies of any notes, memoranda or reports in her possession or which are available to her. The plaintiff asserts that he is entitled to this information because the general health of the mother is an important circumstance to take into consideration with regard to custody of children. We would agree with this as a general proposition; but in the instant case, there is nothing in the pleadings to indicate that the health of the mother would be in question. In addition to this, we think the interrogatory is entirely too broad and seeks information that would not be necessary for any adjudication. We think the order of Judge Crissman sustaining the objection to this interrogatory correct.

**[3]** The third issue presented involves an order of Judge Exum dated 27 March 1974, which order was based upon a motion made by the defendant to require the plaintiff to produce certain records. The order directs the plaintiff to "produce all of his check stubs and bank statements for any account maintained by him in any bank and all of the cancelled checks drawn by him on any bank account during the period from 1 March 1968, to date, in order that counsel for the defendant may examine said items and make copies of any of said items which may be desired." The record in this case reveals that over the years the plaintiff has never failed to comply with any court order fixing the amount of any award. Neither is there any indication that the plaintiff will, in the future, refuse to comply with any court order fixing an award. In view of this, we are of the opinion that the order in question goes too far and beyond any requirement which would be necessary for any adjudication. We think the order of Judge Exum is erroneous and it is reversed.

**[4]** The fourth issue presented is the motion of the defendant to require the plaintiff to furnish the sum of $2,000 to pay for expenses in connection with the preparation for the hearing. In an order dated 27 March 1974 filed 10 April 1974, Judge Exum ordered the plaintiff to pay the attorneys for the defendant a sum of $2,000 to be spent by them for reasonable and

necessary expenses incurred in preparation for the hearing. In this order, Judge Exum found as a fact, "The defendant has insufficient means to defray the expense of this proceeding and the plaintiff maintains a substantial advantage in this litigation unless the defendant has available for her use the necessary funds required to prepare her case." The record discloses, however, that the plaintiff is paying the defendant the sum of $500 per month for the maintenance and support of the three minor children and in addition thereto is paying all hospital, medical, dental and educational expenses of the children. He is also paying the sum of $15,144 per year for the support of the defendant individually and has furnished her with a home free of indebtedness. We think the evidence does not support the finding of fact that the defendant has insufficient means to defray the expense of this proceeding; and we, therefore, reverse the order by Judge Exum requiring the payment of this item of $2,000.

The fifth and last issue presented involves an order of Judge Crissman filed 10 May 1974, dismissing the appeal of the plaintiff. We find it unnecessary to discuss the various elements involving this order and suffice it to say that if the notice of appeal was late, we, nevertheless, as indicated in the beginning of this opinion, have seen fit to consider the appeal on its merits and if necessary will treat the matter as though a writ of certiorari had been granted.

This cause is remanded to the Superior Court of Rowan County with direction that the same be transferred to the District Court of Rowan County for further proceedings not inconsistent with this opinion.

Remanded.

Judges PARKER and VAUGHN concur.